UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Marlon V. Johnson, ) | CASE NO. 1:25 CV 1813 |
| ) | |
| Plaintiff, ) | JUDGE PAMELA A. BARKER |
| ) | |
| v. ) | |
| ) | Memorandum of Opinion and Order |
| Capital One Auto Finance, et al., ) | |
| ) | |
| Defendants. ) | |

**INTRODUCTION**

*Pro se* Plaintiff Marlon V. Johnon filed this action against Capital One Auto Finance ("Capital One") and Relentless Recovery, alleging that his vehicle was wrongfully repossessed. He asserts claims under 15 U.S.C. § 1692f(6) of the Fair Debt Collection Practices Act ("FDCPA"), 12 U.S.C. § 1016.10 pertaining to loans to farmers from the land bank commissioner, 12 U.S.C. § 5531 of the Consumer Financial Protection Act (CFPA), as well as five criminal statutes and four state criminal statutes. He seeks monetary damages.

Plaintiff also filed an Application to Proceed *In Forma Pauperis*. (Doc No. 2). That Application is granted.

**BACKGROUND**

On March 1, 2021, Plaintiff entered into an agreement to purchase a used 2014 Jeep Grand Cherokee Laredo from AutoNation Ford East in Wickliffe, Ohio. (Doc. No. 1-9 at

1

PageID # 59). He financed the purchase of the vehicle with an auto loan from Capital One. (*Id.*). The terms of the loan agreement required Plaintiff to make 54 monthly payments of $ 368.32 beginning on April 15, 2021. If the full payment was not received within ten days of the date it was due, a late fee of $ 20.00 or 5% of each installment would be assessed, whichever was greater. The agreement further provided, "You are giving a security interest in the vehicle being purchased." (*Id.*). In a section of the contract with the heading, "If You Pay Late or Break Your Promises," the contract specifies "we may take the vehicle from you." (Doc. No. 1-9 at PageID # 61). It reads, "If you default, we may take (repossess) the vehicle from you if we can do so peacefully, and the law allows it." (*Id.*) It also provides, "If any personal items are in the vehicle, we may store them for you at your expense. If you do not ask for these items back, we may dispose of them as the law allows." (*Id.*)

Capital One serviced the loan. Plaintiff attaches a payment history to his Complaint that shows he began to miss payments as early as August 2021. Missed payments or late payments became more frequent in 2023, 2024 and 2025. Capital One repossessed the vehicle on March 31, 2025 using the services of Relentless Recovery. Plaintiff claims this repossession was unlawful, but he does not explain why he believes the repossession to have been improper. He did not know that the vehicle would be repossessed and reported it stolen to police. (Doc. No. 1-1 at PageID # 6). He told police that he parked his vehicle in a lot near his residence on Euclid Avenue on March 31, 2025. When he left the building to go to work on April 1, 2025, his vehicle was gone. (Doc. No. 1-2 at PageID # 10). Officers learned on April 22, 2025 that the vehicle had been repossessed and not stolen and was being stored in Franklin County, Ohio. Plaintiff contends that Relentless Recovery did not contact him or law enforcement to let them know of the repossession. He states Relentless Recovery took

the vehicle at 4:00 a.m. and secreted it away to another county. Moreover, he claims that personal items were in the vehicle, including tools.

Plaintiff asserts eight claims under federal law and four claims arising under state law. Five of the federal statutes and all four of the state statutes pertain to criminal charges. The remaining federal statutes cited by Plaintiff are 15 U.S.C. § 1692f(6) of the FDCPA, 12 U.S.C. § 1016.10, and 12 U.S.C. § 5531 of the CFPA. Plaintiff seeks monetary damages in the amount of $ 331,457.26 for the Jeep, plus compensation for damages to the front and rear of the vehicle, the personal items left in the vehicle, what he claims to be a miscalculation on the amount of principal paid to Capital One, lost wages, court fees, and bus passes. (Doc. No. 1 at PageID # 4).

**STANDARD OF REVIEW**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations

3

in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir. 1998).

**DISCUSSION**

Plaintiff fails to state a claim upon which relief may be granted. Criminal statutes do not provide a private right of action in a civil case. *See DuBose v. Kasich*, No. 2:11–CV–00071, 2013 WL 164506, 2 (S.D. Ohio Jan. 15, 2013); *Lawrence v. City of Warren*, No. 11–CV–13114, 2012 WL 2603146, 2 (E.D. Mich. 2012); *Drake v. Enyart*, No. 3:06CV-217-S, 2006 WL 3524109, 5 (W.D. Ky. 2006). In addition, 12 U.S.C. § 1016.10 applied to loans to farmers. It, however, was repealed. Title 12 U.S.C. § 5531 of the CFPA gives the Consumer Financial Protection Bureau the authority to bring actions to regulate abusive practices. It does not provide a private right of action to a consumer. *Williams v. Lobel Financial Corporation*, 673 F.Supp.3d 1101 (C.D.Cal. 2023); *Beider v. Retrieval Masters Creditors Bureau, Inc.*, 146 F.Supp.3d 465 (E.D.N.Y. 2015).

Plaintiff also fails to state a claim for relief under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f(6). This section prohibits a Debt Collector from:

4

>> (6) Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if—
>
>> (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;
>
>> (B) there is no present intention to take possession of the property; or
>
>> (C) the property is exempt by law from such dispossession or disablement.

15 U.S.C. § 1692f(6). The term "debt collector" has a particular meaning. It refers only to persons attempting to collect debts due to "another." 15 U.S.C. § 1692(a)(6) ("The term 'debt collector' means any person who ... regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."). A creditor is not a debt collector for the purposes of the FDCPA. *MacDermid v. Discover Financial Services*, 488 F.3d 721, 734-35 (6th Cir. 2007) *Stafford v. Cross Country Bank*, 262 F.Supp.2d 776, 794 (W.D. Ky.2003). Capital One is the creditor, and therefore by definition, cannot be a Debt Collector under the FDCPA. This statute does not apply to Capital One.

While a repossession company generally is not considered a debt collector under the FDCPA, it may be considered a debt collector for claims under § 1692f(6). *Montgomery v. Huntington Bank*, 346 F.3d 693, 700-01 (6th Cir. 2003). Nevertheless, Plaintiff failed to allege facts to suggest how Relentless Recovery violated any part of this statute. Taking property through a non-judicial action is only a violation of the statute if there is no present right to possession of the property used as collateral through an enforceable security interest. 15 U.S.C. § 1692f(6)(A). Plaintiff signed the financing agreement in which he agreed that the vehicle was collateral for the loan and that it could be repossessed if he defaulted on the loan.

5

(Doc. No. 1-9 at PageID #: 61). Plaintiff defaulted on the loan. Repossesing the vehicle did not violate the FDCPA.

### CONCLUSION

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: October 30, 2025

s/*Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE